FILED
October 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002997458

JOHN R. ROBERTS
Bankruptcy Trustee
P.O. Box 1506
Placerville, CA 95667-1506
(530) 626-6441

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:  CASE NO 09-31052-A-7

**ALLAN CARROLL DINGMAN**
**CATHERINE ROSS DINGMAN**

DCN: **JRR-6**

DATE: **NOVEMBER 15, 2010**
TIME: **9:00 A.M.**
COURTROOM: **28**

Debtor(s).
_____ /

**MOTION TO SELL REAL PROPERTY
TO CO-OWNER OF REAL PROPERTY**

JOHN R. ROBERTS, Trustee of the estate of the above-named debtor(s), proposes to sell the following asset of the above estate at a private sale as follows:

**DESCRIPTION OF PROPERTY:**

The property listed on schedule A of the petition and schedules and referred to as "summer cabin, shack" with no indoor plumbing, in Featherville, Idaho more particularly described in Exhibit "A" attached to the Exhibits of the Motion

**TOTAL VALUE OF PROPERTY:**

$20,000.00

**TERMS AND CONDITIONS OF SALE:**

The property shall be sold "as is" and the trustee makes no warranty on the condition of the property.

**AMOUNT OF LIENS:**

$3,405.00 in back real property taxes

The Trustee has received an offer from Mary Lynn Brown, co-owner of the property, for the sum of $7,500.00 cash, which represents the approximate net value of

the Bankruptcy estate's interest in the Property. The trustee has discounted the property $5,000.00.

Based on the discounted value of the Property, less the debt on the Property in the sum of $3,405.00 in back real property taxes that the co-owner and the Trustee have agreed to split equally 50 – 50, the net value of the Property is $11,595.00. The co-owner has paid the back real property taxes in full in the sum of $3,405.00 as shown in Exhibit "B" attached to the Exhibits of the Motion. The Trustee has credited buyer with the payment of the real property taxes and therefore, co-owner has paid the bankruptcy estate the sum of $5,797.50.

In selling the Property to the co-owner, the Trustee will avoid (1) having to file a motion to sell property pursuant to Bankruptcy Code Section 363(h); (2) incurring attorney fees in litigating the Section 363(h) motion; and (3) paying escrow and title costs and commissions which he would have to pay if the Property was sold to a third party.

Should the Trustee be required to sell the Property to a third party, it is likely that there would be no money available for distribution to creditors as the debtor('s) estate has little equity in the Property and such equity would be diminished by attorney fees, commissions, and escrow and title costs.

The Trustee feels that it is in the best interest of the estate that said Property be sold in that it will generate cash for the estate and said sale is for the fair market value.

WHEREFORE, the Trustee prays that this Court approves the sale of the above-described Property.

DATED: October 13, 2010

/s/ JOHN R. ROBERTS, TRUSTEE
PO Box 1506
Placerville, CA 95667
530-626-6441
court@bankruptcy-info.com
State Bar No. 77919